IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | No. 24-78 |
| **CURTIS GREGORY SMITH, JR.** | : | |

**McHUGH, J.**                                                                                                              **March 7, 2024**

## MEMORANDUM

Petitioner Curtis Gregory Smith, Jr. is a defendant in a pending state court criminal action in the Court of Common Pleas of Bucks County, arising out of his arrest on July 11, 2023. ECF 1 at 142. He seeks to remove that prosecution to federal court, alleging a series of unconstitutional conduct of the "state, township and county actors in direct violation of the First, Second, Fourth, Fifth and Eighth Amendments . . . and the due process protections of the subsequent Fourteenth Amendment." *Id.* at 3. Because his removal notice is not timely, I must remand the action to the Court of Common Pleas of Bucks County. Alternatively, because I find that Mr. Smith has failed to establish any of the narrow bases upon which removal of a state criminal prosecution is proper, a remand is required.

Mr. Smith's removal notice is not timely. Under 28 U.S.C. § 1455(b)(1), a notice of removal must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," unless the defendant shows good cause for his late filing. Here, Mr. Smith was arraigned on August 25, 2023, and his trial was scheduled for March 5, 2024, but continued until March 18, 2024. *See* Criminal Docket, *Commonwealth v. Smith Jr.*, CP-09-

CR-0003478-2023 (Pa. Ct. C.P. Bucks Cty.).[1]  Far more than 30 days have passed since Mr. Smith's arraignment, and he has not shown any good cause for his delay.  Therefore, Mr. Smith's removal is not timely, and the action must be remanded.  *See* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice [of removal] . . . that removal should not be permitted, the court shall make an order for summary remand.").

Alternatively, the action must be remanded because Mr. Smith does not state any ground upon which removal is permitted.[2]  "There are limited circumstances in which a criminal state court prosecution can be removed to federal court." *Pennsylvania v. Smith*, No. 19-5753, 2020 WL 671017, at *3 (E.D. Pa. Feb. 10, 2020) (Savage, J.).  Those circumstances are set forth in three statutes: 28 U.S.C. §§ 1442, 1442a and 1443.  *Id*.  Section 1442(a) allows removal of state criminal actions brought against "federal officers and agencies for acts done under color of law."  *Id*.  Section 1442a permits removal of criminal prosecutions brought against a member of the armed forces for an act done "under color of their office."  *Id*.  Lastly, § 1443 authorizes removal of criminal prosecutions in two situations.  The first situation where removal is proper under § 1443 occurs when a defendant "is denied or cannot enforce" in the state court "a right under any law providing for the equal civil rights of citizens."  28 U.S.C. § 1443(1).  Under this subsection, the defendant must show that he was deprived of rights guaranteed by a federal law that provides for "specific civil rights stated in terms of racial equality." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997); *Georgia v. Rachel*, 384 U.S. 780, 792 (1966).  The second situation under § 1443 in which removal is proper applies to federal officers and "those authorized to act with or for them

---

[1] I am permitted to take judicial notice of the contents of another Court's docket. *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014).

[2] A notice of removal must explicitly state all relevant grounds for removal.  28 U.S.C. § 1455(b)(2).  Any unstated grounds are waived unless the Court finds good cause shown.  *Id.*

in affirmatively executing duties under any federal law providing for equal civil rights," and to state officers who refuse to do an act because it would be inconsistent with such law. *City of Greenwood v. Peacock*, 384 U.S. 808, 824, 824 n.22 (1966); *see* 28 U.S.C. § 1443(2); *Smith*, 2020 WL 671017, at *3.

In this case, removal is not proper because Mr. Smith is neither a federal or state officer nor is he a member of the armed services. Further, Mr. Smith cannot remove his case under § 1443(1) because he cannot show that his right to racial equality will "inevitably be denied by the very act of bringing the defendant to trial in the state court." *Davis*, 107 F.3d at 1049 (quoting *City of Greenwood*, 384 U.S. at 828). Although Mr. Smith asserts that he "has suffered cruel and unusual punishment, driven by racial prejudice, blatant racism, and cannot obtain any level of good faith let alone due process without intervention by this constitutional court," ECF 1 at 12, ¶ 45, this is insufficient to meet the narrow exception for removal under § 1443(1). *See Davis,* 107 F.3d at 1048-49 (explaining that § 1443(1) will not support removal in the "vast majority of cases" because it requires more than allegations that a defendant's equal civil rights have been denied by state officials or that the charges against the defendant are false). Thus, because Mr. Smith has not stated any ground upon which removal is proper, I must remand this action to the Court of Common Pleas of Bucks County.

In sum, Mr. Smith's removal notice fails to meet the procedural and substantive requirements for removing a state criminal action to federal court. I will therefore remand this action. An appropriate order follows.

        /s/ Gerald Austin McHugh
        United States District Judge